41 F.3d 1515
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David WEBB, Defendant-Appellant.
 No. 92-10087.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Nov. 18, 1994.
 
 Before: SKOPIL, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant David Webb appeals his conviction after jury trial for conspiracy to defraud the United States in violation of 18 U.S.C. Sec. 371, and for bribery in violation of 18 U.S.C. Sec. 201(c). The charges grew out of his activities in the Philippines which also led to a court martial proceeding.
 
 
 3
 Webb's principal contentions on appeal are that he was denied both his Sixth Amendment right to a speedy trial and his statutory right to a speedy trial by the six and one-half year delay that occurred between the indictment and trial. We review the constitutional claim by looking at the factors as set forth in Barker v. Wingo, 407 U.S. 514, 530-32 (1972). Factors to examine are: i) the length of the delay; ii) the reason for the delay; iii) whether the defendant asserted his right to a speedy trial; and iv) prejudice to the defendant occasioned by the delay.
 
 
 4
 A violation of the constitutional right cannot occur where the delay, even a delay as long as that in this case, is largely attributable to the defendant. See United States v. Loud Hawk, 474 U.S. 302, 315 (1986). A careful review of this record shows that nearly all of the delay was attributable to Webb. Soon after Webb's indictment in May of 1985, his counsel moved for continuances in order to travel to the Philippines. In January of 1986, Webb moved for discovery of grand jury proceedings, for a bill of particulars, and for foreign depositions. The appellant did not complain about any violation of speedy trial rights until January of 1989. When the district court denied his motion to dismiss in 1989, the appellant took an interlocutory appeal that displaced district court jurisdiction for approximately a year and a half. Shortly before the mandate dismissing the appeal was issued, appellant discharged his attorney and several months were consumed replacing counsel and providing new counsel with time to prepare. Trial began on October 7, 1991. Appellant complains about the approximate 20-month delay by the district court in ruling upon his motion for particulars. The record reflects, however, that there were requests for continuances and delays on the part of the appellant during that same period. He can point to no prejudice. Appellant's constitutional right to a speedy trial was not violated.
 
 
 5
 Similarly, a careful review of the record reveals that appellant was not denied any statutory right to a speedy trial. Virtually all of the time that elapsed from the date of his first appearance in court to his trial was excludable. See 18 U.S.C. Sec. 3161. Although appellant contends that the district court did not at times give a sufficient reason or justification for certain continuances, particularly those caused by a finding of complexity, the district court did give a justification for each of the continuances, and many resulted from a finding of complexity based upon appellant's own repeated requests for discovery, travel and investigation of evidence in the Philippines. While appellant contends that the case turned out not to be complex because it was tried in a short period with few witnesses, this was at least in part due to the fact that the delay helped Webb by hindering the prosecution's attempts to locate evidence and witnesses from the Philippines. Thus, on October 7, 1991, the prosecution dismissed thirteen of the sixteen counts against Webb. He was tried on only three of the original sixteen charges.
 
 
 6
 Appellant next argues that his trial was barred by collateral estoppel as a result of the dismissal of the court martial proceeding on speedy trial grounds. Appellant makes clear in his reply brief that he is not raising double jeopardy concerns. The record of the court martial proceeding is not before us. We cannot assume that the procedural history of that matter bears even a remote correlation to the procedural history in the case at bar. There is thus no basis for holding that the speedy trial issues in that case were the same as those in this one. The amount of the delay alone is not dispositive of either the statutory or the constitutional claim. Collateral estoppel did not bar this prosecution.
 
 
 7
 For the first time on appeal, appellant claims that his due process rights were violated by collusion between the Air Force and the U.S. Attorney in bringing similar charges in two jurisdictions. There is no record to support this claim of collusion.
 
 
 8
 Appellant next contends that the district court abused its discretion by permitting the government to cross-examine him on certain financial transactions that were similar to the bribery payments in this case. The evidence was appropriately offered under Federal Rule of Evidence 404(b) to show opportunity, intent and absence of mistake. The record reflects that the district court appropriately considered the probative value of the evidence against its potential prejudice. There was no abuse of discretion. Evidence to support the conviction was more than sufficient, exclusive of the Rule 404(b) evidence.
 
 
 9
 Appellant argues that the district court erred in failing to renumber the indictments. There was no objection and no clear error. See United States v. Smith, 891 F.2d 703, 709 (9th Cir.), cert. denied, 498 U.S. 811 (1990).
 
 
 10
 Finally, there was no abuse of discretion in the district court's imposing a fine of $15,000. The record reflects that the district court considered appellant's apparent lack of remorse and lack of credibility in assessing the fine and in denying reconsideration based upon the fact that co-defendants were fined only $5,000. There was no abuse of discretion in differentiating between the culpability of the co-defendants and the appellant.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3